IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ELENA DEL ROCIO SINCHE-ATARIGUANA,** | § § § | |
| Petitioner, | § § | EP-26-CV-00471-DB |
| v. | § § | |
| | § | |
| **PAMELA BONDI,** *Attorney General, et al.*, | § | |
| Respondents. | | |

## **ORDER**

On this day, the Court considered the above-captioned case. On February 17, 2026, Petitioner Elena Del Rocio Sinche-Atariguana filed a "Verified Petition for Writ of Habeas Corpus," ECF No. 1. Petitioner is currently detained at the El Paso Processing Center in El Paso, Texas in the Western District of Texas. *Id.* at 3. She argues her detention is unlawful and asks the Court to order her release. *Id.* at 27–28. On Feburary 3, 2026, this Court ordered that Respondents shall not (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. ECF No. 2 at 2.

Petitioner is an Ecuadorian national who entered the United States in 2024, was detained for one day and released by the Border Patrol. ECF No. 1 at 5. Prior to her current detention, Petitioner was living with her fiancée and minor child in Minnesota. *Id.* Petitioner has a pending asylum case and a valid work permit. *Id.* She does not have a final order of removal. *Id.* On January 9, 2026, Petitioner was detained without a warrant by Immigration and Customs Enforcement at one of her scheduled meetings for her ongoing asylum case. *Id.* Among other things, Petitioner argues mandatory detention under 8 U.S.C. 1225(b) as applied to her violates her Fifth Amendment

procedural due process rights because she has a fundamental liberty interest in being free from official restraint and she is being deprived of an individualized hearing to justify her detention. *Id.* at 18–21. Petitioner does not have a criminal history. *Id.* at 6.

Respondents filed their response on February 20, 2026, ECF No. 3. Therein, Respondents aver the Fifth Circuit's recent decision in *Buenrostro v. Bondi*, No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) is dispositive in this case. ECF No. 3 at 1. Respondents reason "Petitioner's contention that detention should be governed by, 8 U.S.C. § 1226, that Petitioner is being unlawfully detained and deprived of a bond hearing, and that the detention violates the United States Constitution were rejected in *Buenrostro*." *Id.* at 2. This Court disagrees.

This Court acknowledges the Fifth Circuit's precedential decision in *Buenrostro-Mendez* held Respondents' statutory interpretation of Section 1225(b)'s mandatory detention provision is correct. However, *Buenrosto-Mendez* does not change this case's outcome on procedural due process grounds. In its original due process analysis, this Court accepted without deciding Respondents' interpretation was true. *See, e.g., Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025). In accepting the interpretation as true at the outset, this Court already considered the posture Respondents have now definitively established in the Fifth Circuit. Without more, this Court will not deviate from its as-applied analysis in light of Petitioner's constitutional rights.

Among arguments this Court has already rejected,[1] Respondents cite *Denmore v. Kim*, 538 U.S. 510, 526 (2003) to support their contention that the Supreme Court has long recognized the

---

[1] *See Zafra*, 2025 WL 3239526 (rejecting Respondents' argument that Petitioner is receiving or has received due process afforded through removal proceedings in immigration court); *Morales-*

constitutionality of detention during the limited period of removal proceedings. This Court disagrees with Respondents' seeming assertion that the Supreme Court's holding in *Demore* represents a blanket rule that permits *any* form of detention of any noncitizen pursuant to *any* provision of law during removal proceedings. In *Denmore,* the Supreme Court upheld Section 1226(c), reasoning "Congress, justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers, may require that persons such as respondent be detained for the brief period necessary for their removal proceedings." *Denmore*, 538 U.S. at 513. The majority's discussion "strongly suggests that were Congress *not* to authorize a specific form of detention during removal proceedings, if Congress did not have legitimate policy concerns in mind in doing so, or if the petitioner at issue had not been found guilty of criminal acts, then the Supreme Court's analysis would be different." *Merchan-Pacheo v. Noem*, No. 1:25-CV-03860-SBP, 2026 WL 88526 (D. Colo. Jan. 12, 2026). Nonetheless, because the Court is not persuaded by Respondents' new procedural due process arguments and the facts of this case were not distinguished, the same result this Court has reached in similar cases since October 2025 is warranted in this case.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), **IT IS HEREBY ORDERED** Petitioner Elena Del Rocio Sinche-Atariguana's

---

*Quirino v. De Anda-Ybarra,* No. EP-26-CV-00323-DB (W.D. Tex. Feb. 17, 2026) (agreeing *Zadvydas v. Davis* is inapplicable in these circumstances).

"Verified Petition for Writ of Habeas Corpus," ECF No. 1, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL** (1) provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; **OR** (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings **no later than February 26, 2026.**[2]

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory either (1) informing the Court, in detail, of the reasons for the immigration judge's bond hearing decision held in accordance with the preceding line order, or (2) informing the Court of Petitioner's release **no later than March 2, 2026.**

**IT IS FURTHER ORDERED** that if Petitioner is released from custody, Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FINALLY ORDERED** that, following Petitioner's bond hearing or release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **no later than March 5, 2026.**

**SIGNED** this **23rd** day of **February 2026**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Respondents are forewarned that a proceeding where an immigration judge denies bond for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with the instant Order. In such event, release from custody is *required*.